Good morning, Your Honors. May it please the Court, Deputy Federal Public Defender Lauren Collins, on behalf of Mr. Flores, James Flores. Mr. Flores is serving a 25-year-to-life... Try to keep your voice up just a little. Yes. Sorry. Maybe we can turn the loudspeakers up. How's this? Okay. Mr. Flores is serving a 25-year-to-life sentence on a kidnapping enhancement despite being acquitted of a charge of aggravated kidnapping and having a conviction for simple kidnapping reversed on appeal. The enhancement took a charge with an upper term of 8 years and turned it into a prison term of 25 to life. It's a one-strike law. Correct. And so here among the issues today is was there sufficient evidence to find all of the elements of the kidnapping enhancement beyond a reasonable doubt? And there wasn't. First, the simple kidnapping aspertation standard should be applied to the enhancement. The one-strike statute itself is silent as to what aspertation standard applies. Let me ask you this. Why is it necessary to determine what aspertation standard applies to the enhancement? Well, in Mr. Flores' case... In light of what happened in the state court system. Well, at the time, if I'm understanding you correctly, at the time that Mr. Flores was convicted, simple kidnapping, simple kidnapping required a different aspertation standard than aggravated kidnapping. Well, but the court of appeals said, looked at all the evidence that was presented in the trial and said as a matter of law, there cannot be simple kidnapping. Correct. Right? Correct. So the district court wrote a very lengthy analysis of trying to figure out what the aspertation standard should be for the enhancement, right? Correct. It's very interesting, but I'm not quite sure why it's so critical to your argument. Well, if the one-strike enhancement requires a kidnapping plus a substantial increase in harm to the victim. Right. So your argument here, though, is I understand. The reason why you're seeking habeas relief and the constitutional claims under Jackson is that there's insufficient evidence to support each element of the enhancement. Correct. Correct? Now, if you go to the instruction that was given by the judge, let's see. I thought I had it. It requires two things, a kidnap. A kidnapping. And it requires the movement. Correct. Placing the victim in a more dangerous situation. Correct. Right? So once the simple kidnapping is gone for insufficient evidence on appeal, there's no kidnapping. One of the elements. One of the elements. One of the critical elements for the enhancement is missing. Correct. Right? So then why is the aspertation business all so critical to your argument? Well, because the district court found that the aspertation in aggravated kidnapping is what applies, even though the statute doesn't say that the kidnapping requires a movement that's more than merely incidental, that that's what we should be reading in to the statute for aspertation. But don't you still have to have, even if you're applying the aspertation standard, don't you still have to have a kidnapping? You still have to have a kidnapping. I agree. That's what the magistrate judge said. Right. You still have to have a kidnapping. And when there's no simple kidnapping, then one of the elements isn't satisfied of the one strike. And so that's my argument, is that once we don't have this kidnapping anymore, then we're done. Let me ask you this. In light of what the state court did, so we're over here on habeas. I mean, is there some way we could look at all the evidence in the record and say, oh, nonetheless, there is evidence here of a kidnapping. The jury was just off base. Well, the way to look at that, the way that I look at that is that there's no simple kidnapping. And there was also, when we're looking at the evidence, there was an aggravated kidnapping charge, kidnapping for the sex offenses, Section 209. And the jury acquitted on that charge. And so there's nothing left. The jury found that there was no aggravated kidnapping and that there was no simple kidnapping. So really it's a question of law more than a question of facts. And under the elements of the state one strike law, the evidence was insufficient. So and with respect to the procedural default issue, this, there's cause and prejudice to get around procedural default because Mr. Flores' appellate counsel didn't bring this claim and this claim which is a meritorious claim. So considering that, this is, when we look at the claim, then we can think of it as being right for adjudication. Now... Is the Supreme Court's recent decision in Martinez helping on the procedural default? Well, Martinez v. Ryan? Yeah. I mean, Martinez v. Ryan helps in the sense that it speaks to the importance of counsel and the importance of the right to have a counsel in post-conviction. But in this case, we already had law saying that the, that Mr. Flores was entitled to effective counsel at his, in his state direct appeal. And so that law alone is enough to say that... He gets over procedural default. Yeah, that we get around, yes, around procedural default. And that Dixon can be, can be an adequate procedural bar in federal court. And our argument, my argument is that Apelli hasn't met his burden of showing that... I thought we had a case at some point along the way that said that Dixon was an adequate procedural... Well... Bar. It's, it's the, it's the, the respondent's burden of proving adequacy. And particularly when we're talking about this, this timeframe. It's the, this timeframe in 1999, it's the respondent's burden of showing that Dixon is indeed adequate. And, and that burden hasn't been met. And as a side note, Mr. Flores did challenge the adequacy of Dixon in the district court, the adequacy of the bar. But that didn't make it up in the record. So we are left with the Sixth Amendment claim, the Durham misconduct claim. And one point to emphasize regarding the Durham misconduct claim is that 2254 does, 2254D doesn't apply to this claim. Because the constitutional aspect of the claim wasn't adjudicated. It wasn't adjudicated on the merits in state court. And so under that, and Kavazos v. Williams, which is up at the U.S. Supreme Court right now, the review would be de novo on that claim. Unless the court has further questions. I can reserve the remainder of my time. Thank you. Good morning, Your Honors. Deputy Attorney General Teresa Patterson on behalf of Respondent Eppley. May it please the Court. The key to this case is determining the proper aspiratation standard to apply to the aggregated kidnapping circumstance. Now I have the jury instruction in front of me. Yes. It says, in order to prove the enhancements alleged in counts two and three, the people must prove a person kidnaps the victim of the present offense, and two, the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent. Now if you go back, you have to go back to 209 to 207. Correct. Penal code. On the 209 charge, which was the aggravated kidnap charge, jury returned an acquittal. Let me explain that. That was based on the way that the statute, or the way that the offense was pled in this case, was specifically kidnapping with the intent to commit forcible oral copulation and or sodomy. And in this case, the jury sent a note to the court during deliberations asking, do we have to believe that he had the intent to commit oral copulation or sodomy at the beginning of the kidnapping when they were in the parking lot? And because of a statement that the defendant made in the parking lot indicating he asked the victim, aren't you going to give me some, and then used a female anatomy, it's very likely that the jurors believed that he had an intent to commit rape when he began the kidnapping and then changed his mind. The jury did not return a guilty verdict on the 209 charge, correct? That is correct. But you don't need for the enhancement to show a violation of 209. You have to show kidnapping. That's just what I was going to say. Why don't you show kidnapping? You can't show it because the jury, because that's out of the case. The jury found him guilty of simple kidnapping. I know, but what did the court of appeals decide? That it was insufficient as a matter of law based on a very technical interpretation of simple kidnapping. It's out of the case. There's no kidnapping. You don't have a case. I don't know why you're here. I don't know why you are here. You have no kidnapping. So why are you wasting our time? I respectfully disagree. There was a kidnapping in this case. There was? Yes. You're better than the court of appeal? I'm not saying that I'm better than the court of appeal. They looked at all the evidence and they said there is no kidnapping and they reversed his conviction under 207. Correct. But they did say the acquittal of the greater offense of the aggravated kidnapping circumstance because the substantive offense requires the additional element of an intent to commit certain sexual offenses at the time of the kidnapping. So the court did not believe. So did counsel raise this whole argument, though, that if there's no kidnap, there's no enhancement? No. That argument was not presented by appellate counsel. Exactly. We are only looking at whether there was sufficient evidence in the record of the aggravated kidnapping circumstance, not whether there was sufficient evidence of the simple kidnapping conviction or the aggravated kidnapping conviction. Well, you concede at least that the law of this case is there was no kidnapping. No. Why? There was no kidnapping conviction. No. My goodness. You're going to say a fact is there even though the court of appeal said it was an insignificant fact. There was no kidnapping. We can't listen to you if you're going to dispute the California Court of Appeal. There was no kidnapping within the definition of California Penal Code Section 207. And that's the statute that's at issue. That is not the statute that is at issue in the aggravated kidnapping circumstance. The aggravated kidnapping circumstance does not require a conviction under Penal Code Section 207. So there's an ambiguity? There is an ambiguity in the law. Aren't we supposed to, under the rule of comedy, give the defendant the benefit of that ambiguity? Well, Your Honor, in the People v. Bird case, which Well, I mean, am I wrong in what I've just said? Well, I don't believe that there's that much of an ambiguity. I believe we are supposed to interpret California statutory law based on the elements of the offense should be evaluated based on California law. Well, that's exactly right. A person kidnaps. You've got to prove a kidnap to get this enhancement. Right. And there are You didn't do that. The court of appeal said you didn't do that. The court of appeal said that there was not sufficient evidence for a simple kidnapping under evidence code section 207. And evidence code And the jury said you don't get a kidnap under 209. Because the specific intent to commit the named offenses were not. So where is the kidnapping in this case? The kidnapping is that he forcibly moved the victim from the parking lot of a public area through the courtyard, dragged her inside of the apartment complex and locked the door, substantially increasing the risk of harm above that. So you are saying we should ignore what the jury did, ignore what the court of appeal did, and on your say so, find kidnapping. No, I'm saying that the aggravated kidnapping circumstance requires a kidnapping, not a kidnapping conviction. And here the jury did find that a kidnapping took place. They did? The simple kidnapping conviction. It was reversed because under California law at the time, you could only consider actual distance in determining whether the movement was sufficient. But when there's an underlying crime involved, the California courts have allowed consideration of other factors in addition to actual distance. So even though the simple kidnapping conviction was reversed, it was based on the fact that you could only look at actual distance for that specific offense. So there's some other kind of kidnap? Yes, aggravated kidnapping. When the jury found him not guilty. Well, not guilty the way it was pled. Well, that was the only issue. You know, I don't mean to be critical, but I must say in 25 years, I don't believe I've ever heard an argument of the caliber you're presenting. Excuse me? I say in 25 years on this court, I don't think I've heard an argument of the caliber that you were presenting. The aggravated kidnapping circumstance requires two things. It requires a person kidnaps the victim of the present offense, and the movement of the victim substantially increased the risk of harm to the victim over and above the level of risk necessarily inherent in the underlying offenses. They found, the jury found this circumstance to be true. This enhancement does not say you must prove a kidnapping within the meaning of Penal Code Section 207. You don't even need to charge a defendant with a separate offense of kidnapping to have the aggravated kidnapping circumstance apply. That may be true, but here you did. And here the court of appeals said what you presented doesn't add up or didn't add up to simple kidnap. For simple kidnapping. Didn't add up to simple kidnap, and you allege 209, aggravated kidnap. You didn't allege any other kind of kidnap. But you don't need to. And the jury returned. The jury rejected that. Not guilty of 209 and relied on 207. Judge Newton is absolutely right. I mean, usually you're yelling at us. We need to give deference to the state court of appeal. I mean, to what the state court does. But you don't need. And here you're saying, well, forget what the state court of appeal did and forget what the jury did. But the state court of appeal clarified that this was not an implied acquittal of the aggravated kidnapping circumstance. And the argument was never made. None of this was ever presented to them. Right, but they. They never got to this. They decided it in the context. And then they said, and the Cal Supreme Court says it's all barred. The California Supreme Court said it was barred, but then when it was raised on IAC of appellate counsel, they rejected it in a silent denial, meaning it was denied on the merits. And that strongly suggests that the California Supreme Court did not think there was a problem with this, what happened here. And even though the sufficiency was not challenged on the aggravated kidnapping circumstance, they did challenge the fact that there was instructional error by not instructing on a lesser included circumstance. And it was in that context that the California Court of Appeal stated that the acquittal of the greater offense of aggravated kidnapping was not an implied acquittal of the aggravated kidnapping circumstance. And in People v. Bird, the California Court of Appeal held that kidnapping for the purpose of subdivision D2 of section 667.61 is aggravated kidnapping. So that allows you to consider factors other than actual distance in determining whether there was sufficient evidence of the movement. So just because the simple kidnapping conviction was reversed on a very narrow ground does not mean that there was not sufficient evidence. Look, we have your argument well in hand, okay? We'll discuss it. Thank you, Your Honor. Anything else? You don't need to say a word. All right. Submitted. We move on.
judges: Pregerson, Noonan, Paez